IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOBBY LOVE II,
8350 Metcalf Avenue
Overland Park, KS 66212
       Plaintiff

v.

LIFE INSURANCE COMPANY
NORTH AMERICA,
1601 Chestnut Street
2 Liberty Place
Philadelphia, PA 19192     : NO.:

## COMPLAINT

NOW COMES, the Plaintiff, Bobby Love II, by and through his Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, Life Insurance Company of North America, (hereinafter referred to as "LINA"), as follows:

**I. STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through his Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

2. All acts and occurrences material to the instant causes of action occurred

within the jurisdictional boundaries of this Honorable Court.

**II.　FACTS:**

3.　The Plaintiff, Bobby Love II, is an adult and competent individual with a physical address of 8350 Metcalf Avenue, Overland, KS 66212.

4.　The Defendant, LINA, under information and belief, is a business entity with a principal place of business located at 1601 Chestnut Street, 2 Liberty Place, Philadelphia, PA.

5.　LINA is a business entity, which issues disability insurance policies which are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6.　On a date certain, LINA, issued a policy providing disability insurance benefits under policy number LK-0965423 to the Plaintiff through the Plaintiff's employer, Garmin International, Inc.

7.　The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8.　At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9.　At all times material and relevant hereto, the Plaintiff performed all obligations required of him under said contract of insurance.

10.　At all times material and relevant hereto, the Plaintiff was a qualified

participant in the employee benefit plan provided by LINA to the Plaintiff's employer through policy number LK-0965423.

11. On a date certain, the Plaintiff filed an application for long term disability benefits with LINA. He received benefits under said policy until August 27, 2019.

12. By correspondence, LINA notified the Plaintiff that his claim was denied and that he was not entitled to benefits beyond August 27, 2019 as LINA determined the Plaintiff did not have any functional limitations beyond that period.

13. The Plaintiff filed an administrative appeal and submitted additional medical records and opinions of his treating physicians in support of his claim.

14. By correspondence dated September 8, 2020, LINA denied the Plaintiff's administrative appeal and informed him of his right to bring a civil action disputing the adverse benefit decision.

15. LINA acted arbitrarily, capriciously and in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

16. The actions of LINA in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. §1001, et seq.

17. The actions of LINA in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

18. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as she has satisfied through medical evidence that he meets the definition of disability under the policy of insurance.

19. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

20. As a direct and proximate result of the actions of LINA as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

21. As a direct and proximate result of the actions of LINA, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from August 27, 2019 to the present and continuing into the future.

WHEREFORE, the Plaintiff, Bobby Love II, respectfully requests that judgment be entered against LINA as follows:

1. Ordering LINA to pay to the Plaintiff, Bobby Love II, long term disability insurance benefits from August 27, 2019 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Bobby Love II, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____
Michael J. Parker, Esquire
PA Bar ID No.: 93024

Pond, Lehocky, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500
Mparker@disabilityjustice.com